IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HERMINA BRIDGES
*on behalf of*
CLIFFORD BRIDGES, deceased                                                                  PLAINTIFF

vs.                                    Civil No. 2:14-cv-02255

CAROLYN COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Hermina Bridges, on behalf of Clifford Bridges, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying an application for Disability Income Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

1.     **Background:**

Plaintiff's application for DIB was filed on November 1, 2012. (Tr. 18). Plaintiff alleged he was disabled due to a broken leg and heart attack. (Tr. 154). Plaintiff alleged an onset date of October 29, 2012. (Tr. 18). This application was denied initially and again upon reconsideration.

(Tr. 18, 86-91).  Thereafter, Plaintiff requested an administrative hearing on this application and this hearing request was granted.  (Tr. 92-93).

Plaintiff had an administrative hearing on September 25, 2013.  (Tr. 34-60).  Plaintiff was present and was represented by counsel, Fred Caddell, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Dr. Debra Arlene Steele testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had completed the ninth grade.  (Tr. 28, 155).

On January 17, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 18-29).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2015.  (Tr. 20, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 29, 2012.  (Tr. 21, Finding 2).

The ALJ determined Plaintiff had the severe impairments of status post right tibial fracture, and status post myocardial infarction.  (Tr. 21, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 21-27).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  The ALJ also found Plaintiff retained the RFC to lift and carry 20 pounds and frequently lift and carry 10 pounds; could stand and/or walk about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday, both with normal breaks; push and pull with limitations pursuant to the lift/carry limitations; could stoop, kneel, and crouch

occasionally; and must avoid even moderate exposure to extreme heat, etc.; except that foot control operation on the right would be occasional. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 27, Finding 6). The ALJ found Plaintiff was unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 28, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupations such as a photo finishing counter clerk with approximately 972 such jobs in Arkansas and 109,713 such jobs in the nation, tanning salon attendant with approximately 297 such jobs in Arkansas and 67,257 such jobs in the nation, and furniture retail clerk with approximately 425 such jobs in Arkansas and 97,700 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since October 29, 2012. (Tr. 29, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council ("AC") review the ALJ's unfavorable decision. (Tr. 14). *See* 20 C.F.R. § 404.968. On November 12, 2012, the Appeals Council issued a partially favorable decision finding Plaintiff disabled as November 5, 2013. (Tr. 1-10). The Appeals Council determined Plaintiff's severe impairments included lung cancer, status post right tibial fracture, and status post myocardial infarction. (Tr. 7). The Appeals Council adopted the ALJ's decision with respect to the period prior to November 5, 2013. (Tr. 5-8). On December 15, 2014, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 9, 14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred in the RFC determination of Plaintiff. ECF No. 9, Pgs. 9-13. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,*

5

377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to lift and carry 20 pounds and frequently lift and carry 10 pounds; could stand and/or walk about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday, both with normal breaks; push and pull with limitations pursuant to the lift/carry limitations; could stoop, kneel, and crouch occasionally; and must avoid even moderate exposure to extreme heat, etc.; except that foot control operation on the right would be occasional. (Tr. 21, Finding 5).

Plaintiff argues the ALJ and AC erred in this RFC determination because it was not supported by the medical evidence. ECF No. 9, Pg. 8-13. Plaintiff first argues the ALJ's and AC's finding Plaintiff could stand and walk 6 hours in a workday is not supported by substantial evidence. Plaintiff argues his right tibia fracture from October 2012 did not heal, and continued to prevent sustained walking. *Id.*

Plaintiff fractured his right tibia on October 29, 2012, when a tree branch hit him as he was cutting down trees. (Tr. 134, 244). Dr. Owen Kelly was his treating physician for this matter. *Id.* X- rays from November 7, 2012, revealed a well aligned mid tibia shaft fracture, and there was an

6

impression of a stable tibia fracture. (Tr. 247). On November 21, 2012, x-rays resulted in an impression of a stable midshaft tibia fracture. (Tr. 250). On December 27, 2014, Dr. Kelly indicated weight bearing had increased the healing process, and he did not believe surgery was necessary. (Tr. 263). X-rays revealed a non-displaced midshaft tibia fracture, new callous noted, minimal angulation, and there was an impression of a healing tibia fracture. *Id.* On January 28, 2013, Dr. Kelly stated the fracture looked good, appeared stable, and he would allow for full weight bearing. (Tr. 266).

The evidence off record does not establish Plaintiff's right tibia fracture resulted in functional limitations that lasted a duration of twelve months, beyond the restriction to light work the ALJ specified in his RFC determination.

Additionally, Plaintiff's argument that he was seen for medical treatment at River Valley Primary Care Services on September 13, 2013, appears to be based on an inadvertent error. Plaintiff correctly notes that September 13, 2013, would be close to the one year anniversary of his October 29, 2012, leg fracture, however, there is no evidence that Plaintiff was actually seen or treated on September 13, 2013. September 13, 2013 was the date a copy of the March 8, 2013, record was again printed or generated. ( Tr. 271). The record of Plaintiff being seen on September 13, 2013, that is attached to Plaintiff's brief (ECF No. 9-2) is duplicative of the March 8, 2013, record that was in the administrative record before the ALJ.

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be

affirmed.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the Appeals Couincil decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **15th day of January 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE